UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------- x
                                                   :
WILLIAM YATES,                                     : Civil Action No.  2:18-cv-831
 on behalf of themselves and all                   :
similarly situated employees,                      :
                                                   : INDIVIDUAL AND CLASS AND
          Plaintiffs,                              : COLLECTIVE/CLASS ACTION
                                                   : COMPLAINT
            v.                                     :
                                                   :
ALLEGHENY COUNTY,                                  : Jury Trial Demanded
PENNSYLVANIA                                       :
                                                   : Electronically Filed
          Defendant.                               :
-------------------------------------------------- X
```

**INDIVIDUAL AND CLASS AND COLLECTIVE/CLASS ACTION COMPLAINT**

**Nature of the Action, Jurisdiction, and Venue**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113 and the Pennsylvania Wage Payment and Collection Law (PWPCL) 43 P.S. § 0.3, to recover damages for non-payment wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claim, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, Allegheny County, Pennsylvania, where Plaintiff lives and worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. Plaintiff, William Yates, resides at 165 Mohican Avenue, Pittsburgh, Allegheny County, Pennsylvania 15237. Plaintiff worked for Defendant, Allegheny County, Pennsylvania from March 21, 2016 to the present.

5. Plaintiff has worked exclusively in Allegheny County, Pennsylvania as a Captain in Defendant's Allegheny County Jail.

6. Defendant, Allegheny County, is a second class County, in Southwestern Pennsylvania, and is a governing entity deriving its powers from, and acting pursuant to, the laws of the State of Pennsylvania.

7. Defendant's offices are located at 1 Smithfield Street, Pittsburgh, Allegheny County, Pennsylvania 15222.

8. At all relevant times, Defendant is an "employer", pursuant to 29 U.S.C. § 3(d), and an "enterprise engaged in Commerce" pursuant to 29 U.S.C. § 3(s)(1)(C), and is subject to the provisions of the FLSA in respect to its employees.

9. Defendant is an "employer" which regularly employs individuals in the State of Pennsylvania in the performance of work on behalf of Defendant and is subject to the PMWA pursuant to 43 P.S. §333.103(g).

10. Defendant is also an "employer" employing individuals in the State of Pennsylvania and is subject to the provisions of the PWPCL pursuant to 43 P.S. § 260.2a.

## Statement of Claims

11. Defendant hired Plaintiff for the position of Captain at the Allegheny County Jail on March 21, 2016. Plaintiff continues to be employed in that position.

12. Plaintiff is not, and has not been, excluded from being subject to the PMWA pursuant to Section 5(12) of the PMWA of 1968.

13. As a Captain, Plaintiff supervises the activity of guards at the Allegheny County Jail.

14. Plaintiff was, and is not paid, a salary regardless the hours he works. Plaintiff is paid strictly on an hourly basis.

15. Plaintiff was hired at an hourly rate of pay of $36.48 per hour.

16. The terms of Plaintiff's pay are defined in Defendant's Employee Handbook, effective January 1, 2008.

17. Defendant did not guarantee a minimum number of hours that Plaintiff would be paid each week. He was paid strictly on an hourly basis for hours worked.
18. If Plaintiff worked fewer hours than his normal work week of forty (40) hours, and did not have compensatory time or Paid Time Off (PTO) for payment of the hours not worked, he would be paid only for hours actually worked pursuant to Defendant's stated policy.
19. Plaintiff regularly worked in excess of forty (40) hours a week.
20. Plaintiff was paid no overtime compensation for hours worked over forty (40) in the pay for the week in which they were worked.
21. In lieu of overtime pay, Plaintiff was given compensatory time off commonly referred to as "comp-time", at one and one half (1 ½) times his hourly rate of pay, to be utilized in future weeks as paid time off.
22. Plaintiff recorded his hours worked on an electronic time keeping system.
23. Plaintiff's regularly scheduled workday began at ___ a.m. and ended at ___ p.m., with a lunch period of ____ hour.
24. Plaintiff was not paid for all his compensable time worked. He would arrive daily approximately 15-20 minutes before his scheduled start time to prepare for the performance of his duties. That time was not counted for or paid for. Similarly, there were periodic meetings held prior to the start of his shift that were of about one-half (1/2) hour duration that were not counted by Defendant as compensable time or paid. Neither was that time considered for compensatory time off.
25. Defendant never advised Plaintiff not to arrive and work prior to the start of his daily shift, or to record that time worked, or the meeting time as compensable hours worked.
26. From the start of his employment in March of 2016, Plaintiff was able to use his accumulated compensatory time to work short weeks with full pay. In or about March of 2018, Defendant advised Plaintiff that the compensatory time system would be stopped and any accumulated, unused compensatory time would be paid. This change in policy left Plaintiff with approximately 170 hours of "comp" time for which he was not paid or given paid time off.
27. Plaintiff was not and is not an exempt employee pursuant to the FLSA and PMWA.

28. There is no exemption from overtime pay applicable to Plaintiff in that he was paid on an hourly basis with no minimum guarantee.

29. Plaintiff was and is entitled to be paid one and one-half (1 ½) times his hourly rate of pay for hours worked in excess of forty (40) in a workweek.

30. Payment for hours worked over forty (40) in a workweek must be paid at one and one-half (1 ½) times an employee's hourly rate of pay for the workweek in which it is worked pursuant to the FLSA and PMWA.

31. Compensatory time off is generally not permitted regardless of the rate at which it is used in subsequent weeks.

32. Plaintiff's accumulated compensatory time which has not been paid, was accumulated pursuant to Defendant's policy, practice and promise of its use, and is collectable pursuant to the PWPCL.

### Collective/Class Action Averments

33. In the past three years Defendant has employed employees other than Plaintiff as Captains at the Allegheny County Jail.

34. These other Captains perform duties equivalent to the job duties of Plaintiff.

35. Captains at the Allegheny County Jail supervise guards of lesser rank.

36. Captains at the Allegheny County Jail are paid an hourly rate for all hours actually worked.

37. Captains at the Allegheny County Jail are not paid a guaranteed salary, and are not paid if they work fewer hours than their regular schedule, and have no paid time off or compensatory hours to make up payment for the missed time.

38. Captains at the Allegheny County Jail regularly work in excess of forty (40) hours per week.

39. Defendant fails to maintain accurate records of all the time worked by Captains at the Allegheny County Jail.

40. Defendant fails to record or pay for all compensable time worked by the Captains at the Allegheny County Jail.

41. Defendant followed a policy permitted by Section 207(o) of the FLSA allowing public employers to designate hours worked over forty (40) in a workweek as compensatory

time to be taken of at a rate of one and one-half (1 ½) hours for each such hour in later workweeks.

42. Even in those weeks when Defendant has recorded overtime hours worked and considered those hours to be credited as compensatory time to be taken off in later weeks at one and one-half (1 ½) times the Captains' regular rates of pay, Defendant did not do so for all compensable hours worked by Captains at the Allegheny County Jail.

43. Both the FLSA and PMWA require that hours worked over forty (40) in a workweek be paid for in the pay for the week in which they are worked.

44. The PMWA does not contain the provisions of the FLSA allowing public employers to designate overtime hours as compensatory time to be used as time off in later workweeks.

45. For the past three years, all the compensatory hours earned and utilized by Captains at the Allegheny County Jail are totally unpaid in the pay for the workweek in which they were worked, pursuant to the PMWA.

46. For the past three years, Defendant has paid no overtime compensation required by the PMWA to Captains at the Allegheny County Jail.

47. In or about March 2018, Defendant advised Captains at the Allegheny County Jail that it would no longer follow the policy of designating overtime hours as compensatory time to be taken off in subsequent workweeks.

48. Defendant also advised Captains at the Allegheny County Jail that any residual, accumulated, overtime hours formerly designated as compensatory time would not be paid.

49. Defendant's refusal to pay Captains at the Allegheny County Jail for residual overtime hours formerly designated as compensatory time violated both the FLSA and PMWA.

50. The policy followed by Defendant to designate overtime hours worked by Captains at the Allegheny County Jail as compensatory time required an agreement between Defendant and the Captains at the Allegheny County Jail regarding acceptance of the policy.

51. The PWPCL enforces agreements between employers and employees that provide for the provisions of wages and fringe benefits.

52. By its agreement with the Captains at the Allegheny County Jail to allow the use of compensatory time in lieu of payment for overtime worked in the pay for the work in

which it was worked, Defendant was committed to follow such policy pursuant to the PWPCL.

53. By its failure to pay Captains at the Allegheny County Jail for the residual compensatory hours they had accumulated when Defendant ended the practice, Defendant violated the PWPCL.

54. In the past three years, Defendant employed in excess of 30 individuals as Captains at the Allegheny County Jail.

55. The Captains at the Allegheny County Jail have been subject to the same policies and practices as the Plaintiff, paid on an hourly basis, no guarantee of a minimum number of hours paid each week, paid only for certain hours counted as compensable by Defendant, subject to the policy of designating overtime hours as compensatory time to be taken off in later workweeks, failure to pay at all for residual compensatory hours when the practice ceased.

56. The 30 plus Captains at the Allegheny County Jail employed by Defendant regularly worked overtime over the past three years.

57. Defendant knowingly and intentionally failed to pay the 30 plus Captains at the Allegheny County Jail for their overtime hours as required by the FLSA, PMWA and PWPCL.

58. Defendant's failure to consider all hours worked by Captains at the Allegheny County Jail as compensable violates the FLSA and PMWA.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

59. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

60. Plaintiff and all similarly situated Captains at the Allegheny County Jail are employees of Defendant within the meaning of the FLSA.

61. Defendant is an employer within the meaning of the FLSA.

62. Plaintiff and all similarly situated Captains of the Allegheny County Jail have been compensated on an hourly basis.

63. Plaintiff and all similarly situated Captains of the Allegheny County Jail have regularly worked more than forty (40) hours per week.

64. Overtime hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail were designated by Defendant as compensatory time and not paid for in the week in which they worked pursuant to 29 U.S.C.§ 207(o).

65. Overtime hours designated by Defendant as compensatory time worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail were given off in weeks subsequent to those in which they were worked as paid time off at one and one-half (1 ½) the Captain's regular rate of pay.

66. Defendant has ended the policy of designating overtime hours worked as compensatory time and refused to pay for the residual compensatory time off to Plaintiff and all similarly situated Captains at the Allegheny County Jail, in violation of the FLSA.

67. Defendant has failed to maintain accurate records of all hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail.

68. Hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail, not accurately recorded by Defendant were not regarded as compensable time by Defendant, and not paid or designated as compensatory time.

69. Hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail not paid or designated by Defendant as compensatory time, constitute unpaid overtime hours pursuant to the FLSA.

70. For at least the past three years Defendant's violations of the FLSA are knowingly, willful, and in reckless disregard of the record keeping and overtime requirements of the FLSA.

71. Plaintiff and all similarly situated Captains at the Allegheny County Jail are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus liquidated damages, attorneys' fees, and costs.

## COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action

72. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

73. Plaintiff and all similarly situated Captains at the Allegheny County Jail are employees of Defendant within the meaning of the PMWA.

74. Defendant is an employer within the meaning of the PMWA.

75. Defendant's policy and practice of designating overtime hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail as compensatory time to be taken off with pay in subsequent workweeks is not permitted by the PMWA.

76. All overtime hours worked in the past three years by Plaintiff and all similarly situated Captains at the Allegheny County Jail, which was designated as compensatory time by Defendant are totally unpaid and due at one and one-half (1 ½) times the Captains' regular rate of pay pursuant to the PMWA.

77. Defendant's failure to maintain accurate records of compensable hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail violates the PMWA.

78. Defendant's failure to pay for overtime hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail not accurately recorded or deemed compensable by Defendant violates the PMWA.

79. Plaintiff and similarly situated Captains at the Allegheny County Jail are entitled to recover from Defendant the overtime pay withheld by Defendant plus interest, Court costs and attorneys' fees pursuant to the PMWA.

## COUNT III: VIOLATIONS OF PWPCL
### Individual and Class Action

80. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

81. Plaintiff and similarly situated Captains at the Allegheny County Jail are employees of Defendant within the meaning of the PWPCL.

82. Defendant is an employer within the meaning of the PWPCL.

83. Defendant's utilization of the provisions of 29 U.S.C. § 207(o) to enable Defendant to designate overtime hours worked by Plaintiff and all similarly situated Captains at the Allegheny County Jail as compensatory time to be taken off as payment for hours not worked in subsequent workweeks at one and one-half (1 ½) the Captain's regular rate of pay requires an agreement between the parties to do so.

84. Utilization by Defendant of Section 7(o) of the FLSA does not require a written agreement between the parties.

85. Plaintiff and similarly situated Captains at the Allegheny County Jail were notified of

Defendant's policy at hiring and accepted the application of the policy to their employment.

86. In or about March 2018, Defendant terminated the use of Section 7(o) in respect to Plaintiff and similarly situated Captains at the Allegheny County Jail and refused to pay for any residual, unused overtime hours worked by Plaintiff and similarly situated Captains at the Allegheny County Jail.

87. Defendant's refusal to pay Plaintiff and all similarly situated Captains at the Allegheny County Jail for the residual overtime hours accumulated pursuant to the agreement permitting Defendant to the utilization of Section 7(o) of the FLSA, constitutes a violation of the PWPCL.

88. Plaintiff and all similarly situated Captains at the Allegheny County Jail are entitled to recover from Defendant the overtime pay, improperly withheld by Defendant, pursuant to the PWPCL, plus interest, liquidated damages, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated Captains at the Allegheny County Jail respectfully request that this Court:

A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all similarly situated Captains at the Allegheny County Jail;

B. Order Defendant to pay liquidated damages to Plaintiff and all similarly situated Captains at the Allegheny County Jail;

C. Order Defendant to pay Plaintiff and all similarly situated Captains at the Allegheny County Jail for hours worked and unpaid;

D. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorney's fees incurred by Plaintiff and all similarly situated Captains at the Allegheny County Jail; and

E. Grant such further relief as the Court deems necessary and proper.

        Respectfully submitted,

        <u>/s/ Joseph E. Fieschko, Jr., Esquire</u>
        Joseph E. Fieschko, Jr., Esquire
        JOSEPH E. FIESCHKO, JR. & ASSOC.
        2230 Koppers Building
        Pittsburgh, PA 15219
        412-281-2204
        FAX 412-338-9169
        *Counsel for Plaintiffs*
        *and all others similarly situated*

Dated: June 21, 2018