# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
**WILLIAM YATES,** :
 **on behalf of themselves and all** :
**similarly situated employees,** :
:
     *Plaintiffs*, :    **Civil Action No. 2:18-cv-831**
:    **Judge Peter J. Phipps**
     v. :
:
**ALLEGHENY COUNTY,** :
**PENNSYLVANIA** :
:    **Electronically Filed**
     *Defendant.* :

## <u>JOINT STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS</u>

TABLE OF CONTENTS

Page

1.   DEFINITIONS ............................................................................................3

2.   BACKGROUND ........................................................................................5

3.   SCOPE, PURPOSE, AND BENEFITS OF THE SETTLEMENT ..................5

     3.1   **Purpose** ...........................................................................................7

     3.2   **Benefits of Settlement to Plaintiffs** .................................................7

     3.3   **Defendant's Reasons for Settlement** ...............................................8

     3.4   **Full Investigation** ...........................................................................8

4.   JURISDICTION .........................................................................................9

5.   STATEMENT OF NO ADMISSION ..........................................................9

6.   CLASS CERTIFICATION .........................................................................11

7.   WAIVER, RELEASE, AND DISMISSAL ..................................................11

     7.1   **Release and Waiver of Claims by the Class Members** ..................11

     7.2   **General Release and Waiver of Claims by the Named Plaintiffs** ..................13

     7.3   **Dismissal** ......................................................................................15

8.   NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT ................15

     8.1   **Notice and Claim Form** .................................................................15

     8.2   **Mailing of Notice Packet and Return of Claim Forms** ..................15

     8.3   **Objections** .....................................................................................16

     8.4   **Opportunity to Request Exclusion from the Settlement ("Opt Out")** ...........17

     8.5   **No Solicitation of Settlement Objections or Exclusions** .................18

9.   CLAIMS PROCEDURE..............................................................................18

     9.1   **Claim Forms** ..................................................................................18

10.  COMPUTATION AND DISTRIBUTION OF PAYMENTS .........................19

10.1  **Total Settlement Amount**..................................................................19

10.2  **Payout Fund** .....................................................................................19

10.3  **Distribution to the Settlement Class Members** ...............................19

10.4  **No Impact on Employee Benefits**.....................................................24

10.5  **Payment To Named Plaintiffs** ..........................................................24

10.6  **Payment To Plaintiffs' Counsel** .......................................................25

10.7  **The Claims Administrator** ................................................................26

10.8  **Operation of the Settlement Fund** ...................................................27

10.9  **Time for Distribution** .......................................................................28

10.10 **Retention of Unused Funds by Defendant** ......................................28

10.11 **Completion Of The Settlement** ........................................................28

10.12 **Nullification Of The Settlement** ......................................................28

11.  TAXATION ...............................................................................................29

12.  COURT APPROVAL .................................................................................31

13.  MISCELLANEOUS PROVISIONS ..........................................................32

13.1  **Headings** ............................................................................................32

13.2  **Stay of Litigation** ..............................................................................33

13.3  **Privacy**...............................................................................................33

13.4  **No Retaliation** ...................................................................................33

13.5  **Interpretation of the Stipulation**.....................................................33

13.6  **Final Agreement** ...............................................................................34

13.7  **Amendment or Modification** ...........................................................34

13.8  **Counterparts** .....................................................................................34

13.9  **Authority** ...........................................................................................34

13.10 **No Injunctive Relief** .........................................................................35

13.11   **Binding on Successors and Assigns** ................................................................35

13.12   **Cooperation and Drafting**..........................................................................35

13.13   **Pennsylvania Law Governs**........................................................................35

13.14   **Invalidity of Any Provision** .......................................................................36

13.15   **Named Plaintiffs' Waiver of Right to Be Excluded and Object**....................36

13.16   **Confidentiality**....................................................**Error! Bookmark not defined.**

13.17   **Defense**........................................................................................36

13.18   **Jurisdiction of the Court**.............................................................................37

This Joint Stipulation and Settlement of Class Action Claims (the "Stipulation" or "Settlement") is made by and between Plaintiff William Yates ("Named Plaintiff") on behalf of himself and the Class Members on the one hand, and Allegheny County, Pennsylvania ("Allegheny County" or "Defendant") on the other hand, and is intended to resolve the putative class action captioned *William Yates, et. al. v. Allegheny County, Pennsylvania* 2:18-cv-831, pending in the United States District Court for the Western District of Pennsylvania (the "Lawsuit").

DEFINITIONS

The term "Settlement" means the settlement described in this Stipulation.

The term "Claims Administrator" means Plaintiff's Counsel, Joseph E. Fieschko Jr. serving as Claims Administrator, the firm that the Parties mutually agreed shall be responsible for the administration of the Settlement, distribution of the Total Settlement Amount, and matters necessarily related thereto, pursuant to the terms of this Stipulation.

The term "Court" as used herein means the United States District Court for the Western District of Pennsylvania.

The term "Plaintiffs' Counsel" means Joseph E. Fieschko, Jr. of Joseph E. Fieschko and Associates, serving as Plaintiffs' Counsel.

As used in this Stipulation, "Effective Date" means the date by which this Stipulation is finally approved as provided herein and the Court's Final Judgment becomes final. For purposes of this paragraph, the Final Judgment "becomes final" upon the latter of:  (i) the date affirmance of an appeal of the Judgment becomes final or the expiration of the time for filing a petition for review or certiorari of or as to the Final Judgment or of any court of appeals' decision relating to the Final Judgment and, if review is granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; (ii) the date of final dismissal of any writ of certiorari as to or appeal from the Judgment or the final dismissal of any proceeding on review of any court of appeals' decision relating to the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

The term "Class Period" means the time period beginning June 21, 2015 and June 21, 2018.

The term "Plaintiffs" means the twenty-two individuals who were employed as Captains at the Allegheny County Jail at any time during the Class Period, also referred to herein as "the Captains".

The term "Parties" means Plaintiffs and Defendant.

The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement.

The term "Settlement Class Member" means a Class Member who has not opted out of this Class Action lawsuit.

BACKGROUND

The within lawsuit was filed on June 21, 2018 to recover unpaid wages. The lawsuit was filed pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), the Pennsylvania Minimum Wage Act (hereinafter "PMWA"), the Pennsylvania Wage Payment and Collection Law (hereinafter "PWPCL") and an employment agreement on behalf of all Captains (hereinafter "the Captains") who worked for Allegheny County, Pennsylvania (hereinafter "Allegheny County") at the Allegheny County Jail at any time from June 21, 2015 through June 21, 2018 (hereinafter "the class period").

Plaintiff's core theory of this lawsuit involves an alleged employment agreement entered into between the Captains and Allegheny County. Specifically, Plaintiff alleges that when each Captain was hired he or she was informed that in lieu of receiving overtime wages of time and one-half for any hours worked in excess of forty in a workweek, Allegheny County would bank any "Time Owed" and permit the Captain to recover the unpaid overtime wages by working a shorter workweek in the future, yet still receive his or her full wage for a forty hour workweek. For example, if a Captain worked a forty-one hour workweek he or she would receive their normal wage for a forty hour week, but in the future would be compensated by working a thirty-

5

eight and one-half hour week, but receive pay for a full forty week.

The lawsuit was occasioned by a March of 2018 in which Allegheny County informed the Captains that they would no longer honor this alleged agreement. The lawsuit was filed to recover wages due to the Captains for the "Time Owed" hours they had banked, but had not been compensated for. After receiving the payroll documents, Plaintiffs' counsel called into question other employment issues, including the exemption status of the Captains, and all of these issues were also resolved in the resolution of this lawsuit.

In terms of administration, Defendant has supplied Plaintiffs' counsel with the last known physical address of each of the 22 class members. The Class Notice will be mailed by Plaintiffs' counsel by First Class Mail and e-mail (when available) on August 1, 2019. Class members will be notified that they must opt-out of the class action by September 1, 2019. On September 15, 2019 Plaintiffs' counsel will account for each Class Notice that was returned as "not found" by the postal service. Plaintiffs' counsel will notify Allegheny County of all individuals who opted out or whose Class Notices were returned "not found." Allegheny County will forward checks to all individuals not on this list by December 1, 2019.

The checks will be paid as follows. William Yates receive a check in the amount of $5,000.00 as a service award. This is non-taxable. Kenneth Stanton is not owed anything under the theory of the case and he will receive $100.00 and that is non-taxable. Upon approval, attorney's fees of $41,666.67 will be paid and costs of $1,900.00 will be reimbursed. There will be a residual fund of $76,333.00. There are a total of $55,749.00 in claims. The $76,333.00 will be paid out pro rata to each of the 21 individuals listed in Exhibit A of the List of Exhibits. Each class member will receive approximately 137% of the amount due to him or her. Each class member will receive two checks in equal amounts. Once check represents payment of past

wages and will be subject to withholding taxes.  The other check represents interest and damages and is not subject to withholding taxes.

Any amounts unclaimed either by class members who opt out of the action or who do not cash their checks by December 31, 2019 shall revert to Allegheny County. Allegheny County will submit a final accounting to the Court by February 21, 2020.

SCOPE, PURPOSE, AND BENEFITS OF THE SETTLEMENT

**Purpose**

This Stipulation is intended to and does effectuate the full, final, and complete resolution of the Lawsuit.

**Benefits of Settlement to Plaintiffs**

Named Plaintiff and Plaintiffs' Counsel recognize the expense and length of continued proceedings necessary to litigate their disputes through trial and through any possible appeals.  Named Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Named Plaintiff and Plaintiffs' Counsel are also aware of the burdens of proof necessary to establish the appropriateness of class certification in such a case over the objections of Defendant (many of which have been informally shared with them during the exploration of potential settlement) and also to establish liability for the claims asserted in the Lawsuit (the "Claims"), both generally and in response to Defendant's defenses thereto (many of which have, likewise, been shared in settlement discussions), and the difficulties in establishing damages for the Plaintiffs.  Named Plaintiffs and Plaintiffs' Counsel have also taken into account the extensive settlement negotiations conducted.  Based on the foregoing, Named Plaintiff and Plaintiffs' Counsel have

determined that the Settlement set forth in this Stipulation is a fair, adequate and reasonable settlement, is in the best interests of the Plaintiffs, and is the best way to resolve the disputes between them.

### Defendant's Reasons for Settlement

Defendant has concluded that any further defense of this litigation would be protracted and expensive for all Parties. Substantial amounts of time, energy and resources of Defendant have been and, unless this Settlement is made, will continue to be devoted to the defense of the Claims asserted by Named Plaintiffs. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Stipulation to put to rest the Claims as set forth in the Lawsuit.

### Full Investigation

Named Plaintiff and Plaintiffs' Counsel have fully investigated the factual and legal bases for the Claims asserted in the Lawsuit. Such investigations have included, *inter alia*, the exchange of information through voluminous written discovery, interviews of potential witnesses, and several meetings, letters, telephone calls, and conferences between representatives of the Parties. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed by Plaintiffs. In pertinent part, the investigation has yielded the following: The gist of this lawsuit involves Allegheny County's alleged breach of the employment agreement entered into between the Captains and Allegheny County.

Plaintiffs are demanding various amounts for wages, interest, attorneys' fees, and other damages. Plaintiffs' Counsel is aware of the defenses and positions of Defendant, but believes

Plaintiffs will ultimately succeed in the Lawsuit. Defendant, on the other hand, contends Plaintiffs were properly paid in accordance with the employment contract, Federal and Pennsylvania law. Defendant believes it will ultimately succeed in the Lawsuit.

JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this Lawsuit. The Lawsuit includes claims that, while Defendant denies them in their entirety, would, if proven, authorize the Court to grant relief pursuant to the statutes and common law cited therein. If the Settlement is approved, the Court will retain jurisdiction of this action solely for the purpose of interpreting, implementing, and enforcing this Stipulation consistent with the terms herein.

STATEMENT OF NO ADMISSION

This Stipulation does not constitute, is not intended to constitute, and will not be deemed to constitute, an admission by Defendant as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Lawsuit. Defendant denies, and continues to deny each of the claims and contentions alleged by Plaintiffs in this Lawsuit. Defendant has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Lawsuit. Defendant also has denied, and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damage, and that Defendant failed to properly pay Plaintiffs overtime in accordance with the FLSA, the PMWA, the PWPCL or the employment contract.

Nothing in this Stipulation, nor any action taken or made in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Stipulation, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Stipulation may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Stipulation or any orders or judgments of the Court entered into in connection therewith.

All Claim Forms filed or other evidence produced or created by the Parties in connection with the claims resolution procedures do not constitute, are not intended to constitute, and will not be deemed to constitute, an admission by Defendant of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

The Parties agree that class certification under the terms of this Stipulation is for settlement purposes only.  Nothing in this Stipulation will be construed as an admission or acknowledgement of any kind that any class should be certified or given collective treatment in the Lawsuit or in any other action or proceeding for purposes other than the settlement of this Lawsuit.  Further, neither this Stipulation nor the Court's actions with regard to this Stipulation will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment for purposes other than the settlement of this Lawsuit.  In the event that this

Stipulation is not approved by the Court or any appellate court, is terminated, or otherwise fails to be enforceable, Defendant will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Lawsuit, including, but not limited to, its defenses in opposition to class certification, and this Stipulation to certification for settlement purposes only will be of no force or effect.

CLASS CERTIFICATION

For the purposes of this Stipulation only, the Parties agree to the certification of the Settlement Class, to include all twenty-two persons who were employed as Captains at the Allegheny County Jail, during the period from June 21, 2015 to June 21, 2018.

Should for whatever reason the Stipulation not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Lawsuit, and shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in any other lawsuit. Defendant expressly reserves its right to oppose class certification should this Stipulation not become final.

WAIVER, RELEASE, AND DISMISSAL

**Release and Waiver of Claims by the Class Members**

The Class Members, including Named Plaintiff, shall fully and finally release and discharge Defendant Allegheny County ("Released Party"),its successors and assigns, and its officers, officials, agents, attorneys, employees (present and former) and their heirs, executors, administrators, successors, and assigns, from any and all applicable Pennsylvania and Federal wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under Federal or Pennsylvania law, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages, (b) any and all claims for the failure to pay earned wages of any kind, (c) any other wage and hour violations ("Released Claims").

The Released Claims include any unknown claims that the Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or

coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Class Members agree not to sue or otherwise make a claim against the Released Party that is in any way related to the Released Claims.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**General Release and Waiver of Claims by the Named Plaintiff**

In addition to the releases above, the Named Plaintiff makes the additional following general release of all claims, known or unknown (the "General Release").

The Named Plaintiff fully releases and discharges the Released Party, its successors and assigns, and its officers, officials, agents, attorneys, employees (present and former) and their heirs, executors, administrators, successors, and assigns,  from all claims,

demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Party committed or omitted prior to the execution hereof, relating to any wage and hour claim. This includes any unknown claims the Named Plaintiff does not know or suspects to exist in his favor, which, if known by them, might have affected his settlement with, and release of, the Released Parties or might have affected their decision not to object to the settlement.

Named Plaintiff may hereafter discover facts in addition to or different from those Named Plaintiff now knows or believes to be true with respect to the subject matter of the General Release, but the Named Plaintiff upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Named Plaintiff agrees not to sue or otherwise make a claim against the Released Party that is in any way related to the General Release.

**Dismissal**

In connection with seeking final approval of this settlement, Named Plaintiff will seek dismissal with prejudice of the Lawsuit and of all claims stated therein, and upon the Effective Date, the Final Judgment will constitute a binding and final resolution of any and all claims by any Plaintiffs as set forth above.

NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT

**Notice and Claim Form**

The Parties jointly propose a Notice of Pendency of Class Action Settlement ("Notice") in the form attached hereto as Exhibit 1. The Notice will be mailed with a Claim Form, attached hereto as Exhibit 2 (collectively "Notice Packet").

**Mailing of Notice Packet and Return of Claim Forms**

Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with the names, most current mailing address, e-mail address and telephone number of each Plaintiff worked during the Class Period. The Claims Administrator shall keep the Class List and Data confidential as between it and Defendant, and shall not provide it to any other parties.

Within thirty (30) days after receipt of the Class List and Data, the Claims Administrator shall mail the Notice Packet to the Plaintiffs via first-class regular U.S. mail. Plaintiffs will have thirty (30) days from the mailing of the Notice Packet to "opt-out" as explained in more detail in Section 9.1, below. In the event the procedures in this Section are

followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall remain a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Settlement is approved by the Court.

### Objections

The Notice shall provide that in order to assert a valid and timely objection to the Settlement, all objections must be postmarked on or before the 30th day of the mailing of the Notice and mailed to the Claims Administrator. Unless the Court directs otherwise, the 30-day period applies notwithstanding any argument regarding non-receipt of the Notice. All objections must be in writing, must include the Plaintiff's name, address, telephone number, and Social Security number, and must state with particularity the basis on which the objections are asserted. Further, if any objector intends to appear at the final approval hearing, either in person or through counsel, he or she must include notice of that fact and state the purpose for his or her appearance in his or her objection. Such objections must be filed with the Court and served on counsel for the Parties no later than 30 days after the Notice is first mailed. No Class Member shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Stipulation, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Settlement Hearing, unless written notice of the Class Member's intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the Court and served on counsel for the Parties on or before the 30-day response period has passed. The Parties will be permitted to respond in writing to such objections prior to the Final Approval Hearing. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection in writing or in

person (whether by appeal or otherwise) to the Settlement. Class Members who fail to file and timely serve written objections in the manner specified above will be bound by all terms of the Stipulation and any Final Judgment entered in this Lawsuit if the Settlement is approved by the Court.

### Opportunity to Request Exclusion from the Settlement ("Opt Out")

The Notice shall provide that Plaintiffs who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the class which is postmarked on or before the 30th day after the mailing of the original Notice Packet. Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion, and the years of his or her employment by Allegheny County. The opt-out request must be personally signed by the Plaintiff who seeks to opt out. Each Plaintiff who does not submit an opt-out request in compliance with this paragraph shall be a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Stipulation is approved by the Court. Each Plaintiff who does not submit an opt-out request shall also be eligible to be a Settlement Class Member.

The opt-out request must be mailed to the Claims Administrator. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion or objection has been timely submitted. Any Plaintiff who requests exclusion from the settlement will not be a Class Member, cannot be entitled to any Individual Settlement Payment, and will not be bound by this Stipulation or have any right to object, appeal, or comment thereon. Plaintiffs who fail to submit a valid and timely request for exclusion on or before the date specified herein shall be bound by all terms of the Stipulation, the Final Approval

Order, and the Final Judgment, regardless of whether they have requested exclusion from the Settlement.   No later than ten (10) days before the final Settlement Hearing, the Claims Administrator shall provide counsel for the Defendant with a complete list of the names and Gross Settlement Amounts of all Plaintiffs who have timely requested exclusion from the Settlement.

### No Solicitation of Settlement Objections or Exclusions

The Parties agree to use their best efforts to carry out the terms of this Stipulation. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Plaintiffs to submit written objections to the Settlement or request exclusion from the Class, or appeal from or seek review of the Court's Final Approval Order or Final Judgment.

## CLAIMS PROCEDURE

The Parties have established a claims procedure to resolve all claims of the Class Members for the Class Period.   This procedure is governed exclusively by the terms and conditions set forth in this Stipulation.   All Class Members who do not opt out pursuant to this Stipulation shall be paid as set forth herein.

### Claim Forms

Once the Court grants preliminary approval of the Settlement and the Notice Packet has been mailed to the Plaintiffs, those Plaintiffs choosing not to opt out of the Settlement will be paid in accordance with this document.

Individual Settlement Payments shall be paid pursuant to the settlement formula set forth herein.  Defendant's and the Claims Administrator's determination of eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Stipulation, shall be conclusive, final, and binding on all Class Members including all Settlement Class Members and the Named Plaintiffs, subject to review by the Court, if necessary.

COMPUTATION AND DISTRIBUTION OF PAYMENTS

**Total Settlement Amount**

The term "Total Settlement Amount" means the amount of $125,000.00).  Under no circumstances will Defendant be liable for an amount that exceeds the Total Settlement Amount.  Defendant will distribute the Total Settlement Amount under the terms of this Stipulation in accordance with the provisions of section 10.3, below.

**Payout Fund**

The term "Payout Fund" means the Total Settlement Amount less Court-approved administration costs; Named Plaintiffs' incentive awards not to exceed Five Thousand Dollars and No Cents ($5,000.00); attorneys' fees, a $500.00 payment to Kenneth Stanton who is a Class Member but was determined to be owed no unpaid wages and costs of $1,900.00) Defendant will also be responsible for Defendant's portion of employer payroll taxes.  This Payout Fund will represent the amount to be distributed to Settlement Class Members.

**Distribution to the Settlement Class Members**

Payout Fund will be available for distribution to the Settlement Class Members to any Class Member who does not opt-out of the settlement.

Settlement amounts will amount to 137% of the wages allegedly owed to each Settlement Class Member (except Kenneth Stanton) and will be made to the following persons in the following amounts:

1.    Angelo Barry        $1,671.00

2.    Jason Beasom        $88.00

3.    Daniel Bosi        $14,970.00

4.    Jason Chimile        $230.00

5.    Timothy Cope        $55.00

6.    Stephanie Frank        $2,684.00

7.    David Hungerman        $7,484.00

8.    Jeffrey Kengerski        $337.00

9.    Matthew Kohler        $2,189.00

10.    Louis Leon        $3,957.00

11.    James McGovern        $21.00

| 12. | Jamie Merlino | $1,611.00 | |
| 13. | Ivan Milicevic | $560.00 | |
| 14. | Kenneth Peer | $796.00 | |
| 15. | Jonathan Piendel | $8,331.00 | |
| 16. | Adam Smith | $1,647.00 | |
| 17. | Kenneth Stanton | | $100.00* |
| 18. | Sandra Stinson | $7,716.00 | |
| 19. | Michael Terry | $990.00 | |
| 20. | Jack Vanchieri | $12,524.00 | |
| 21. | Gary Walker | $626.00 | |
| 22. | William Yates | <u>$7,846.00</u> | |
| | | | $5,000.00** |
| TOTAL | | $76,333.00 | |

*Kenneth Stanton was not owed any wages, but he is to be paid $100.00, non-taxable as a Settlement Class Member

**William Yates is the Named Plaintiff and will be paid $5,000.00 in addition to the amount due to him on resolution of his wage payment claim.  This $5,000.00 is non-taxable.

Each Settlement Class Member's payment (i.e., an Individual Settlement Payment) will be determined as follows:

From the payroll records, the "Time Owed" which was not paid by Allegheny County was computed and then multiplied times 1.37.  The Parties recognize that the Individual Settlement Payments to be paid to the Settlement Class Members are deemed to be a combination of wages and penalties.  Each Individual Settlement Payment will be comprised 50% of wages and 50% of non-wages representing liquidated damages under the federal Fair Labor Standards Act.  From the wage portion of each Settlement Class Member's Individual Settlement Payment, deductions will be made for state and federal taxes owed by Defendant as a result of the payment and for any applicable payroll deductions required to be made by Defendant as a result of the payment.  The resulting amount will be each Settlement Class Member's "Gross Wage Component."  From each Settlement Class Member's Gross Wage Component, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Component."  The total of the Net Wage Component and the non-wage portion will be the Settlement Class Member's "Net Settlement Amount."  The Net

Settlement Amount that will be paid to each Settlement Class Member is the Settlement Class Member's "Settlement Award."

The Parties agree that this Settlement Award is not viewed as additional compensation for purposes of calculating a "regular rate" of pay under Pennsylvania or Federal law for the period during which it is received, and no additional overtime compensation is required as a result of such payment; further, any claim to entitlement to any additional overtime compensation is expressly waived under the terms of this Stipulation. No person or entity shall have any claim against Defendant, Defendant's Counsel, the Named Plaintiffs, any Class Members, Plaintiffs' Counsel, or the Claims Administrator based upon distributions and payments made in accordance with this Stipulation.

Any checks paid to Settlement Class Members shall advise that they will remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Settlement Class Member within that time, at which time the Settlement Class Member's claim will be deemed void and of no further force and effect. The funds for any settlement checks not cashed within 90 days of issuance will be returned to Defendant. Any Settlement Class Member's failure to negotiate and/or cash any such check will not abrogate or affect that Settlement Class Member's waivers or releases under this Stipulation. Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to the Court and counsel for all Parties. Any funds from such uncashed checks shall remain the exclusive property of Defendant.

Any portion of the Payout Fund that is not paid to a Settlement Class Member shall remain the exclusive property of Defendant.

### No Impact on Employee Benefits

The Individual Settlement Payments paid to the Named Plaintiffs and Settlement Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the respective Named Plaintiffs or Settlement Class Members. The Parties agree that any Incentive Awards and Individual Settlement Payments to Named Plaintiffs and Settlement Class Members under the terms of this Stipulation do not represent any modification of Named Plaintiffs' or Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant. Further, any Incentive Awards or Individual Settlement Payments hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

### Payment To Named Plaintiffs

Plaintiffs' Counsel will request, and Defendant will not oppose, payment of an Incentive Award from the Total Settlement Amount to the Named Plaintiff, of Five-Thousand Dollars and No Cents ($5,000.00) in addition to whatever payment the Named Plaintiff is otherwise entitled to receive as a Settlement Class Members. The Named Plaintiff will receive IRS 1099 forms related to the Incentive Award, and will be responsible for correctly characterizing this payment for tax purposes and for paying any taxes on the amounts received.

The Named Plaintiff agrees to indemnify and hold harmless Defendant for any tax liability. If the Court awards the Incentive Award in an amount that is less than that specified above, the residual shall be the exclusive property of the Defendant.

### Payment To Plaintiffs' Counsel

Plaintiffs' Counsel may request an award of attorneys' fees of up to Forty One Thousand One Hundred and Sixty-six Dollars ($41,666.67) which represents thirty-three and one-third percent (33 1/3%) of the Total Settlement Amount (collectively, the "Fees Award"). In addition Plaintiffs' Counsel will request One Thousand Nine Hundred ($1,900.00) to cover costs. The Fees Award will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Joint Stipulation and Settlement of Class Action Claims, the administration of the Settlement, and obtaining dismissal with prejudice of this Lawsuit. Plaintiffs' Counsel will be issued an IRS Form 1099 for the Fees Award. Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any additional payments for attorneys' fees, interest, or costs. Defendant agrees not to oppose such an application for a Fees Award, so long as it is consistent with the provisions of this Stipulation. If the Court awards attorneys' fees or costs in an amount less than specified above, the residual shall be the exclusive property of the Defendant.

Defendant's payment of the Fees Award to the Plaintiffs' Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees or costs in the Lawsuit incurred by any attorney on behalf of the Named Plaintiffs and the Plaintiffs, and shall relieve Defendant, the Claims Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees

and costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs and/or Plaintiffs.

### The Claims Administrator

The Claims Administrator will be Plaintiffs' counsel and no further fees or costs shall be paid to Plaintiffs' Counsel in this capacity. The Claims Administrator shall calculate Individual Settlement Payments to be paid to the Settlement Class Members in accordance with the terms and provisions of this Stipulation; distribute the Notice Packet; determine eligibility for payment to a Settlement Class Member; resolve any disputes regarding the calculation or application of the formula for determining the Individual Settlement Payments; keep track of those Plaintiffs requesting to be excluded from the Settlement, and provide information regarding the requests for exclusion to counsel for Defendant; mail the Individual Settlement Payment checks to Settlement Class Members.  Allegheny County shall issue W-2 and 1099 forms and will provide all individual checks to the Claims Administrator to be distributed to each Settlement Class Member.

The Claims Administrator will submit to the Court in conjunction with the motion for final approval, a declaration providing, among other things, the number of Notice Packets it mailed to the class, the number re-mailed, the number of Notice Packets ultimately undeliverable, the number of opt-outs received, the number of objections received, the number of Claim Forms received, the number of defective Claim Forms received and efforts to cure made, the number of disputed claims received and how they were resolved and the total amount paid to Settlement Class Members.

Any disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court.

Defendant will be solely responsible for its own legal fees, costs, and expenses incurred in this Lawsuit. In accordance with this section, all claims administration expenses will come from the Total Settlement Amount. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

**Operation of the Settlement Fund**

Within forty-five (45) days after the Effective Date, Defendant shall provide the Claims Administrator with the checks to make all the payments required under this settlement. Prior thereto, Defendant shall not have any obligation to segregate the funds comprising the Total Settlement Amount from its other assets and will retain exclusive authority over, and responsibility for, those funds. Any balance remaining in any account created by the Claims Administrator following distribution of all the payments required under this settlement shall remain the property of Defendant and shall be returned to Defendant after all payments required under this settlement have been made.

No person shall have any claim against Defendant, Defendant's Counsel, Named Plaintiffs, Plaintiffs' Counsel or the Claims Administrator based on distributions and payments made in accordance with this Stipulation.

The maximum amount Defendant can be required to pay under this Stipulation for any purpose is the Total Settlement Amount.

**Time for Distribution**

Within thirty (30) days after the Effective Date, the Claims Administrator shall make the following payments: 1) Individual Settlement Payments to Settlement Class Members; 2) the Incentive Awards to Named Plaintiff and 3) attorneys' fees and costs awarded to Plaintiffs' Counsel.

**Retention of Unused Funds by Defendant**

Any portion of the Payout Fund not paid out as Individual Settlement Payments, Incentive Awards, Attorneys' fees and costs, and claims administration fees as discussed in this Stipulation shall remain the property of Defendant.

**Completion Of The Settlement**

Upon completion of the administration of the Settlement, Defendant shall provide written certification, under penalty of perjury, of such completion to the Court and Plaintiffs' Counsel. Also upon completion of the administration of the Settlement, the Claims Administrator shall provide written certification, under penalty of perjury, of such completion to the Court and counsel for all Parties, as provided herein.

**Nullification Of The Settlement**

In the event: (i) the Court does not enter the Preliminary Approval Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court

does not enter a Final Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid for by Defendant and shall not be repaid to Defendant. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

TAXATION

The Named Plaintiffs and Settlement Class Members represent and warrant that they understand that it is their sole obligation to pay appropriate federal, state, and local income taxes on any amounts they receive under this Stipulation that lawfully qualify as taxable income.

Neither the Parties nor their respective counsel provide or purport to provide any tax advice to the Settlement Class Members in connection with this Stipulation or otherwise. The Parties agree that they shall not rely upon any terms of this Stipulation for the purpose of determining or avoiding federal, state, or local tax obligations.

The Parties do not believe there are any tax return filing requirements pursuant to this Stipulation.  However, to the extent any tax returns must be filed, the Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the amounts to be distributed to the Named Plaintiffs and Settlement Class Members.  The Parties do not believe that the operation of the Settlement Fund will generate any taxable income, as no segregated Settlement Fund will be created.

**CIRCULAR 230 DISCLAIMER:  EACH PARTY TO THIS STIPULATION (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS STIPULATION OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS STIPULATION, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS STIPULATION, (B) HAS NOT ENTERED INTO THIS STIPULATION BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY**

30

**OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS STIPULATION.**

COURT APPROVAL

This Stipulation is contingent upon final approval by the Court and dismissal of the Lawsuit with prejudice.

The Parties agree to take all steps as may be reasonably necessary to secure approval of the Stipulation, to the extent not inconsistent with the terms of this Stipulation, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Stipulation in all respects.

Within thirty (30) days of the execution of the Stipulation, or as soon thereafter as there is availability on the Court's calendar, Named Plaintiff shall request a hearing before the Court to request preliminary approval of the Settlement and to request the entry of the order for certification of the Class for settlement purposes only ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto).  In conjunction with this hearing, Named Plaintiff will submit this

Stipulation, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

Simultaneous with the filing of the Stipulation and solely for purposes of this Settlement, Named Plaintiff will request the Court to enter the Preliminary Approval Order substantially in the form of Exhibit 3 hereto, preliminarily approving the proposed Settlement, certifying the Class and the Class Period for settlement purposes only and setting a date for a Settlement Hearing to determine final approval of the Settlement. The Order shall provide for notice of the Settlement and related matters to be sent to Plaintiffs as specified in section 8.

Upon expiration of the thirty-day claim, opt-out, and objection period, with the Court's permission, a Settlement Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) attorneys' fees and costs, (ii) Named Plaintiffs' Incentive Awards, and (iii) cost of administration. Upon final approval of the Settlement by the Court at or after the Settlement Hearing, the Parties shall present a Final Approval Order and Final Judgment (attached as Exhibits 4 and 5 hereto) to the Court for its approval. After entry of the Final Approval Order and Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (i) settlement administration matters and (ii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Stipulation.

## MISCELLANEOUS PROVISIONS

### Headings

The descriptive headings of any paragraphs or sections of this Stipulation are inserted for convenience of reference only and do not constitute a part of this Stipulation.

**Stay of Litigation**

All proceedings in the Lawsuit shall be stayed except for those proceedings necessary to complete and implement this Stipulation.

**Privacy**

Plaintiffs and their counsel agree that none of the documents and information provided to them by Defendant shall be used for any purpose other than prosecution of this Lawsuit.

**No Retaliation**

Defendant will not take any retaliatory action against any Class Member who participated in the Settlement, nor against the Named Plaintiff.

**Interpretation of the Stipulation**

The Stipulation will be interpreted and enforced under the laws of the State of Pennsylvania without regard to its conflict of laws provisions.  Any dispute arising out of or relating to the Stipulation, or the subject matter hereof, will be resolved solely and exclusively by Judge Peter J. Phipps of the United States District Court for the Western District of Pennsylvania, and the Parties hereby consent to the jurisdiction of the Court over them solely in connection therewith.

**Final Agreement**

This Stipulation constitutes the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Lawsuit, and supersedes all prior agreements and understandings between the Parties relating to the subject matter hereof.  The Named Plaintiff, on the Named Plaintiff's own behalf and on behalf of the Plaintiffs, and Defendant, enter into this Stipulation based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Stipulation.  The Stipulation may be modified only by a writing signed by the Parties (or their successors) and approved by the Court.

**Amendment or Modification**

This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**Counterparts**

The Stipulation may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**Authority**

Counsel for all Parties represent and warrant they are expressly authorized by the Parties whom they represent to negotiate this Stipulation and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation.

The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.

### No Injunctive Relief

Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive relief, or to modify or eliminate any of its personnel, compensation, or payroll practices, or adopt any new personnel, compensation, or payroll practices.

### Binding on Successors and Assigns

This Stipulation shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### Cooperation and Drafting

Each of the Parties has cooperated in the drafting and preparation of this Stipulation.  Hence, in any construction made to this Stipulation, the same shall not be construed against any of the Parties.

### Pennsylvania Law Governs

All terms of this Stipulation and the Exhibits thereto shall be governed by and interpreted according to the laws of the State of Pennsylvania.

### Invalidity of Any Provision

Before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation valid and enforceable.

### Named Plaintiffs' Waiver of Right to Be Excluded and Object

By signing this Stipulation, the Named Plaintiff is bound by the terms herein stated and further agree not to request to be excluded from the Settlement and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.  The Named Plaintiff also agrees to not disparage the Settlement to Plaintiffs or encourage, in any way, Plaintiffs to not submit a Claim Form or to submit a request to be excluded from the Settlement.

### Confidentiality

The Parties agree that prior to preliminary approval of the Settlement, they will keep the terms of this Settlement confidential except for Plaintiffs' Counsel's purposes of communicating with Named Plaintiff only.  The Named Plaintiff shall be informed that the settlement is confidential and shall be advised to keep the settlement confidential.  Neither the Named Plaintiff nor Plaintiffs' Counsel will comment on the settlement, either publicly or privately, including to other employees of Defendant.

### Defense

To the extent permitted by law, this Settlement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or

other proceedings that may be instituted, prosecuted, or attempted with respect to the Released Claims in breach of or contrary to this Settlement.

**Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

WHEREFORE, the Name Plaintiff, on behalf of himself and the Plaintiffs, have executed this Stipulation as of the dates set forth below.

Dated:  July 10, 2019                    By:  /s/ William Yates
                                         Plaintiff
                                         WILLIAM YATES

**APPROVED AS TO FORM AND CONTENT BY:**

Dated: July 10, 2019

JOSEPH E. FIESCHKO JR. AND ASSOCIATES

By      /s/ Joseph E. Fieschko Jr.

Dated: July 10, 2019

ASSISTANT SOLICITOR FOR ALLEGHENY COUNTY

By      /s/ Frances Marie Liebenguth
Frances Marie Liebenguth

Attorney for Defendant

Dated: July 10, 2019

SOLICITOR FOR ALLEGHENY COUNTY

By      /s/ Andrew Szefi

Andrew Szefi